# Postal Telegraph & Cable Company, No. Two, Appellant, *v.* City of Pittsburgh.

*Practice—Equity—Preliminary injunctions—Appeals.*

A decree dissolving a preliminary injunction was affirmed where it did not appear that the discretion of the court was not rightly exercised, the Supreme Court, in accordance with the established practice, expressing no opinion on the merits.

590 POSTAL T. & C. CO., Appellant, *v.* PITTSBURGH.

Argued Oct. 31, 1912.   Appeal, No. 196, Oct. T., 1912, by plaintiff, from decree of C. P. Allegheny Co., Oct T., 1912, No. 1080, dissolving a preliminary injunction in case of Postal Telegraph & Cable Company, No. 2, v. City of Pittsburgh.    Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Bill in equity to restrain the City of Pittsburgh from interfering with the reconstruction of conduits and the use of streets of the city by a telegraph and cable company.   A preliminary injunction was granted, restraining the city from interfering with the reconstruction of the conduit, which was subsequently on motion dissolved.

*Error assigned,* inter alia, was the action of the court in dissolving the preliminary injunction.

*Richard H. Hawkins,* with him *William W. Cook* and *Dalzell, Fisher & Hawkins,* for appellant.

*Charles A. O'Brien,* with him *J. B. Eichenauer,* for appellee.

PER CURIAM, January 6, 1913:

The established practice in an appeal from a decree granting or dissolving a preliminary injunction is to determine only whether, under the facts shown, the discretion of the court was rightly exercised, and to express no opinion on the merits of the case: Paxson's Appeal, 106 Pa. 429; North Shore Railroad Co. v. Pennsylvania Co., 231 Pa. 307.   We see no adequate reason for reversing the decree appealed from and it is affirmed.